UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 5:12-cr-00004-GFVT-MAS-1 |
| DALE MARTIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## REPORT & RECOMMENDATION

The Court, on referral from Judge Van Tatenhove, considers reported violations of supervised release conditions by Defendant Dale Martin, Jr. ("Martin"). Considering the record, proffer, and Martin's allocution at the revocation hearing, the Court recommends that the District Court revoke Martin's term of supervised release, sentence him to time served, and re-impose a 20-month term of supervision with the added condition that Martin be placed on home detention with electronic monitoring for 9 months.

### I.    BACKGROUND

On April 30, 2012, Martin pleaded guilty to one count of conspiracy to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 36 (Minutes for Rearraignment and Plea); DE 1 (Indictment)]. On October 31, 2012, Judge Hood sentenced Martin to 75 months' imprisonment and eight years of supervised release. [DE 68 (Judgment)]. Martin was released from custody and began his supervision term on June 17, 2016. His term of supervision is set to expire on June 16, 2024. Martin's Judgment included, among others, the

following two conditions of supervised release: (1) "The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance[,]" and (2) "The defendant shall not commit another federal, state or local crime."  [DE 68, Page ID# 165].

On July 28, 2022, United States Probation Officer Brandy Warner ("Officer Warner") submitted correspondence ("Violation Report") alleging two violations of Martin's above-referenced conditions of release.  First, Officer Warner visited Martin's residence on July 21, 2022. Officer Warner administered a urine drug screen, which tested positive for alcohol and cocaine. Martin adamantly denied using both substances.  However, on July 26, 2022, Alere Laboratory confirmed the drug screen result as positive for cocaine.  (Violation 1).  Second, under Sixth Circuit precedent, Martin's use of cocaine constitutes possession of that substance and, therefore, a violation of 21 U.S.C. §§ 841(a) and 844(a).  *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995) (holding that, for purposes of 18 U.S.C. 3583(g)(1), "'use' of a controlled substance constitutes 'possession' of the substance[]").  (Violation 2).  In response to the Violation Report, Clerk of the Court, Robert Carr, issued a warrant for Martin's arrest.  [DE 194 (Arrest Warrant); DE 193 (Petition for Arrest Warrant for Supervised Release Violations)].  The Marshal Service arrested Martin on the pending violations on October 17, 2022.  [DE 198].

## II.    <u>PROCEDURAL HISTORY</u>

The Court conducted an initial appearance on the most recent alleged supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on October 20, 2022. [DE 199].  The Court advised Martin of his constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A).  [*Id.*].  Martin knowingly, voluntarily, and intelligently waived his right to a preliminary hearing; thus, the Court found probable cause that the allegations in the violation report were true.  [*Id.*].  The United States did not seek detention,

and the Court released Martin on the previously imposed conditions of supervised release pending the final hearing. [*Id.*].

At the final hearing on October 28, 2022, the Court found Martin to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. [DE 202]. For purposes of the Rule 32.1 proceedings, Martin admitted the factual basis for the violations as described in the Report. [*Id.*]. Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [*Id.*].

Martin's violation for possessing and using a controlled substance (Violation 1) is a Grade C violation. His violation for committing another federal offense (Violation 2) is a Grade B violation. "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("USSG") § 7B1.2(b). The Court thus utilizes Grade B for Guidelines determination purposes in this case. Martin's criminal history category is a Category V. The parties do not dispute that the applicable Guidelines imprisonment range is thus 18 to 24 months, should the Court revoke Martin's supervised release. *See* USSG § 7B1.4(a). The statutory maximum term upon any revocation is 60 months, given that the original offense is a Class A felony, and the term of supervised release that could be re-imposed is a maximum of life. 18 U.S.C. §§ 3583(h).

At the hearing, Martin argued for no jail time, instead suggesting home detention with electronic monitoring and the ability to go to and from work. Martin proffered that he would soon begin a new, full-time job, and he argued that any term of imprisonment would jeopardize his employment.

The United States largely agreed, but it emphasized the need for some form of punishment as a consequence for Martin's instant violation given that Martin had violated his supervision conditions on multiple prior occasions with little or no consequence. The United States asserted that home detention for the remainder of the supervision term is unnecessary, and it instead requested the Court impose some shorter period of home detention as a supervision condition. The United States also noted that, due to the COVID-19 pandemic, the detention facilities in this area are not accepting individuals for weekend confinement because it raises the risk of introducing COVID-19 into the facility. Thus, weekend confinement is not currently a viable option.

### III.    ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Martin's violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). After doing so, the Court recommends that the District Judge revoke Martin's current term of supervision based on the instant violations, impose a sentence of incarceration of time served (roughly three days in federal custody) plus 198 months of supervised release to follow, with the added condition of a 9-month period of home detention utilizing electronic monitoring.

In recommending a sentence, the Court must consider the nature and circumstances of Martin's original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Sentencing Guidelines range. *See also United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Martin's original conviction involved a conspiracy to distribute 28 grams or more of crack cocaine. [DE 1]. The PIR reflects that Martin's trafficking activity was discovered during the course of a larger investigation into an organization distributing crack cocaine and firearms within Central Kentucky. [PIR ¶ 6]. Ultimately, Martin sold roughly 120 grams of crack cocaine to a confidential informant over the course of three separate transactions in 2010. [PIR ¶¶ 6 – 11].

4

Further, Martin's criminal history includes multiple drug convictions.  Before his original offense in this case, Martin was convicted of first-degree possession of cocaine in 1997 and first-degree trafficking in cocaine in 2002.  [PIR ¶¶ 46, 49].  He also has convictions for marijuana possession, resisting arrest, and disorderly conduct.  [PIR ¶¶ 45, 47, 48, 50].

The PIR indicates Martin's significant issue with substance use disorder.  Martin used two to three grams of both powder and crack cocaine daily for roughly fourteen years preceding his arrest for the original offense.  [PIR ¶ 71].  At the hearing, Martin expressed regret for his violations and stated his intent to move on from his struggles with substance use disorder and successfully complete his term of supervision.

Notably, Martin violated the conditions of his supervised release on five separate occasions since his supervision began in June 2016, and each violation resulted in little, if any, consequence. First, in January 2019, Martin the USPO reported that Martin had acknowledged using Percocet (Oxycodone) without a prescription.  Martin was required to re-enter outpatient substance use disorder treatment, but the Court took no action.  Second, in June 2019, Martin tested positive for oxycodone, and the Court modified his term of supervised release to require three weekends of intermittent confinement.  Then, in April 2020, the USPO reported that Martin had failed to participate in substance use disorder treatment as required, and the Court again took no action. Fourth, in August 2020, Martin tested positive for and admitted consuming alcohol.  Again, the Court took no action.  Finally, in June 2021, the USPO reported that Martin left the judicial district without permission and missed a scheduled appointment with his outpatient treatment provider. The Court again modified Martin's supervision to require three weekends of intermittent confinement.  However, that condition was later set aside after the Court was advised there was no

facility close to Lexington, Kentucky, at which Martin could serve his intermittent confinement. [DE 190].

The District Court originally sentenced Martin to 75 months' imprisonment followed by eight years of supervised release, [DE 68], which was below the Guidelines range of 120 to 125 months. Such a downward departure suggests a harsher revocation sentence. *See* U.S.S.G. 7B1.4 n.4 (counseling that when there was a downward departure at sentencing, "an upward departure may be warranted" on revocation); *see* 18 U.S.C. § 3553(a)(6) (considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Moreover, the Court gave Martin multiple chances to correct his conduct on supervised release by not revoking supervision after his previous violations.

The Court, in reviewing the record, finds it appropriate to revoke Martin's term of supervised release and impose a term of imprisonment for time served—three days spent in federal custody after his arrest and before his release on the instant violation. Further, the Court finds it appropriate to re-impose a 20-month term of supervised release—resulting in roughly the same expiration date as the one currently in place—with the added condition that Martin serve the first nine months in home detention with electronic monitoring. Home detention will include authorized absences for employment, religious services, medical care, substance use disorder and other mental health counseling, and other times as may be specifically authorized by USPO. The court does not believe the ends of justice will be served by an additional period of imprisonment at this juncture. Instead, given the relative lack of consequences for Martin's previous violations, the Court believes a significant period of home detention is the next appropriate step in punishing Martin's conduct. Such a consequence will reflect the seriousness of the offense, promote respect for the law, and provide punishment for the offense. Further, a condition of home detention will

6

also afford adequate deterrence to criminal conduct and protect the public from Martin's further drug use or trafficking activity while at the same time not unnecessarily punishing Martin for the instant violations.  Martin expressed sincere regret for his violations and the Court perceived as genuine his desire to overcome his struggle with substance use disorder.  Imposing home detention with authorized absences for work will deter future violations but not interrupt the progress Martin has made toward permanent sobriety and gainful employment.

### IV.    CONCLUSION

Accordingly, for the reasons stated herein, and based on the stipulation by Martin, the Court **RECOMMENDS**:

(1)  Martin be found guilty of the instant violations;

(2)  Martin's supervision be revoked and he be sentenced to a term of incarceration for time served;

(3)  Martin's supervision term be re-imposed for a period of 20 months on the same conditions previously imposed, with the following modifications:

    a.  Home detention for the first nine months of supervision;

    b.  Electronic monitoring utilizing technology as deemed appropriate by USPO;

    c.  Home detention will include authorized absences for employment, religious services, medical care, substance use disorder and other mental health counseling, and other times as may be specifically authorized by USPO; and

Martin preserved his right of allocution.  Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended

decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 18th day of November, 2022.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY