UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:12-cr-00004-GFVT-MAS-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| DALE MARTIN, JR., ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 203.] Defendant Dale Martin has been charged with violations of his supervised release. In 2012, Mr. Martin was sentenced to 75 months of imprisonment followed by eight years of supervised release after pleading guilty to conspiracy to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1); 846. [R. 68.]

Mr. Martin has violated the conditions of his supervised release five separate times. First, he violated the conditions of his supervision in January 2019 by using Percocet without a prescription. [R. 163.] Second, four months later, Mr. Martin tested positive for oxycodone. [R. 164.] Third, Mr. Martin failed to participate in mandatory substance use disorder treatment. [R. 165.] Fourth, in August 2020, Mr. Martin tested positive for and admitted to consuming alcohol. [R. 168.] Lastly, Mr. Martin left the judicial district and missed an appointment with his outpatient treatment provider in June 2021. [R. 184.] For these violations, Mr. Martin was required to re-enter substance use disorder and complete three weekends of intermittent confinement.

Now, Mr. Martin has violated the conditions of his supervised release again by using an unlawful controlled substance. [R. 203 at 2.] Using an unlawful controlled substance constitutes two violations of Mr. Martin's terms of supervised release. First, by testing positive for cocaine, Mr. Martin violated the condition that prohibits possessing a controlled substance, a Grade C violation. *Id.* Second, Mr. Martin committed a Grade B violation when he engaged in conduct that would be a crime by possessing cocaine.[1] *Id.*

Mr. Martin appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 201.] During the hearing, Mr. Martin competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States did not seek detention, and the Court released Mr. Martin on the previously imposed conditions of supervised release pending the final hearing. *Id.*

On October 28, 2022, Mr. Martin appeared before Judge Stinnett for his final hearing. [R. 202.] There, he stipulated to the violations imposed, and Judge Stinnett found that Mr. Martin "competently, knowingly, voluntarily, and intelligently stipulated to [the] violations." *Id.*

During the final hearing, the parties also presented their recommended sentences. Mr. Martin argued against any period of incarceration, instead suggesting home detention with electronic monitoring and the ability to go to and from his work. [R. 203 at 3.] He proffered that he would soon begin a new job, and any incarceration would jeopardize his employment. *Id.* The government recommended a period of home detention short of Mr. Martin's remaining supervision term. *Id.* But the government argued that some form of punishment is appropriate because Mr. Martin has violated the conditions of his release multiple times. *Id.* Lastly, the

---

[1] Because use of an illegal substance equals possession and Mr. Martin has a prior drug conviction, his use of cocaine constitutes a Class E felony in violation of 21 U.S.C. § 844(a).

government noted that detention facilities in the area are not accepting individuals for weekend confinement due to the COVID-19 pandemic. *Id.*

Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a Class A felony for conspiracy to distribute 28 grams or more of crack cocaine. Thus, the conviction carries a 60-month maximum period of incarceration following a revocation. The conviction also carries a maximum supervised release term of life upon revocation. 18 U.S.C. §§ 3583(h). Judge Stinnett analyzed the Policy Statements in Chapter 7 and determined, given Mr. Martin's criminal history category of V (at the time of his original conviction) and admitted Grade B violation, that Mr. Martin's range of revocation is 18 to 24 months under the Guidelines. [R. 203 at 3.]

After hearing both arguments, Judge Stinnett evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Stinnett recommended revocation with a term of incarceration of time-served (roughly three days) and twenty months of supervised release, including home detention for the first nine months. *Id.* at 7.

Judge Stinnett reasoned that Mr. Martin's conviction for conspiracy to distribute 28 grams or more of crack cocaine is serious, and Mr. Martin's history shows significant issues with substance use disorder. *Id.* at 4. Judge Stinnett also noted the leniency previously afforded to Mr. Martin after his other supervision violations and his below-Guidelines original sentence. *Id.* at 5-6. However, Judge Stinnett found that Mr. Martin expressed sincere regret for his violations and desire to overcome his struggles with substance abuse. *Id.* at 7. Consequently, Judge

3

Stinnett determined that a further term of incarceration would be inappropriate, and home detention will afford adequate deterrence and protection to the public. *Id.* at 6-7.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 7-8; *see* 28 U.S.C. § 636(b)(1). Mr. Martin did not file any objections to Judge Stinnett's Report and Recommendation and has filed a waiver of allocution on November 28, 2022. [R. 204.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 203]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Martin is found **GUILTY** of all violations;

3. Mr. Martin's supervised release is **REVOKED**;

4. Mr. Martin is **SENTENCED** to a term of incarceration of time served;

5. Mr. Martin is **SENTENCED** to a 20-month term of supervision under the same conditions as previously imposed, with the following modifications:

    a. Home detention for the first 9 months of supervision;

    b. Electronic monitoring utilizing technology as deemed appropriate by the United States Probation Office;

    c. Home detention will include authorized absences for employment, religious services, medical care, substance use disorder and other mental health counseling, and other times as may be specifically authorized by the United States Probation Office; and

6. Judgment shall enter promptly.

This the 9th day of December, 2022.

Gregory F. Van Tatenhove  
United States District Judge